IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOE NATHAN JAMES, ) | |
| Prisoner No. 00240169, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | ACTION NO. 1:22-cv-00152-JB-N |
| ) | |
| WARDEN TERRY RAYBON, ) | |
|     Respondent. ) | |

**ORDER**

Petitioner Joe Nathan James, an Alabama inmate in the custody of Respondent, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Because this action is in its initial stages, no response to the petition has been filed. Having carefully considered James' petition and various pleadings cited within, and pursuant to Rule 4 of the Rules Governing Section 2254 Cases, it is **ORDERED** that James' habeas corpus petition be **DISMISSED without prejudice** for lack of jurisdiction due to James' failure to comply with 28 U.S.C. § 2244(b)(3)(A).

I.   *Analysis*

a.   **Second or Successive Petition**

James' present habeas petition challenges his state court conviction for capital murder and resulting death sentence,[1] entered against him on or about June 16, 1999,[2] by the Circuit

---

[1] In his current petition, James raises four grounds for relief: (1) the Alabama criminal statutes under which he was convicted and sentenced violate the Equal Protection Clause of the United States Constitution, (2) the sentence of death is excessive, illegal, and outside the jurisdiction of the trial court, (3) the trial court was without jurisdiction to classify the capital offense, and (4) execution would result in a second punishment for the same offense. (*See* Doc. 1 at 5-10).

[2] (Doc. 1 at 1). " 'Final judgment in a criminal case means sentence. The sentence is the judgment.' " *Burton v. Stewart*, 549 U.S. 147, 156, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (per curiam) (quoting *Berman v. United States*, 302 U.S. 211, 212, 58 S. Ct. 164, 82 L. Ed. 204 (1937)). However, for purposes of federal habeas review of a state

Court of Jefferson County, Alabama. James' conviction and sentence were affirmed on direct appeal.[3] After filing unsuccessful Rule 32 petitions in state court,[4] James filed his first federal habeas petition in the United States District Court for the Northern District of Alabama, Southern Division on October 29, 2010.[5] After receiving an answer from the respondent in that case, the Court denied James' 2010 petition on September 30, 2014, finding the claims procedurally defaulted and/or meritless.[6] *See James v. Culliver*, No. CV-10-S-2929-S, 2014 WL 4926178 (N.D. Ala. Sept. 30, 2014). James' appeal of that judgment was affirmed by the Eleventh Circuit, *James v. Warden,* 957 F.3d 1184 (11th Cir. 2020),[7] and his petition for writ of certiorari was denied by the United States Supreme Court on March 1, 2021. *James v. Raybon*, 141 S. Ct. 1463, 209 L. Ed. 2d 180 (2021).

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court

---

court criminal judgment, "there is only one judgment, and it is comprised of both the sentence and the conviction." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014) (per curiam).

[3] (Doc. 1 at 2-3; citing to *James v. State*, 788 So. 2d 185[ (Ala. Crim. App. 2000)]; *James v. Alabama*, 532 U.S. 1040 [121 S. Ct. 2005, 149 L. Ed. 2d 1007 (2001)]).

[4] (Doc. 1 at 3-5).

[5] (Doc. 1 at 12).

[6] "Rule 201 of the Federal Rules of Evidence permits a court to 'judicially notice a fact that is not subject to reasonable dispute because it' either 'is generally known within the trial court's territorial jurisdiction' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.' Fed. R. Evid. 201(b)." *Bryant v. Ford*, 967 F.3d 1272, 1275 (11th Cir. 2020). The Court takes judicial notice of James' previous and first habeas petition, as well as the appellate rulings which followed. These opinions are readily available from reliable sources on the Internet, specifically, searches on Westlaw.com.

[7] After the district court's denial of James' habeas petition, finding that the Alabama Court of Criminal Appeals decision was not an unreasonable application of *Strickland,* the Eleventh Circuit granted a certificate of appealability on James' claim that his trial counsel provided ineffective assistance during the penalty phase. After review of the limited claim, the Court affirmed the district court's denial of James' 2254 petition. *James v. Warden*, 957 F.3d 1184, 1190 (11th Cir. 2020), *cert. denied sub nom. James v. Raybon*, 141 S. Ct. 1463, 209 L. Ed. 2d 180 (2021).

> to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2).[8] § 2244(b)(3)(C); *Gonzalez v. Crosby,* 545 U.S. 524, 529-530, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005); *see also Felker v. Turpin,* 518 U.S. 651, 656-657, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).

*Burton v. Stewart*, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (per curiam). *See also* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").

"[C]ourts must look to the *judgment* challenged to determine whether a petition is second or successive." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014) (per curiam) (citing *Magwood v. Patterson*, 561 U.S. 320, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010)). Moreover, "the phrase 'second or successive' applies to habeas *petitions*, not to the *claims* they raise"—that is, " 'the phrase "second or successive" applies to an *application* as a whole[.]' " *Id.*

---

[8]

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

at 1279 (alteration added) (quoting *Magwood*, 561 U.S. at 335 n.10). Because James' present habeas petition challenges the same Jefferson County criminal judgment as his 2010 habeas petition, which was adjudicated on the merits in the U.S. District Court for the Northern District of Alabama, the present petition is successive.[9]

Generally, "a district judge lacks jurisdiction to decide a second or successive petition filed without [the] authorization" of the court of appeals. *Insignares*, 755 F.3d at 1278; *accord Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition." (citing *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (per curiam)). James does not allege, and nothing in the record indicates that James has sought, much less obtained, permission from the Eleventh Circuit Court of Appeals before filing the instant petition in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A). Accordingly, James' present habeas petition (Doc. 1) is due to be **DISMISSED without prejudice** for lack of jurisdiction as an unauthorized successive petition.[10]

---

[9] "[S]econd or successive status … attaches to a judgment on the merits" in a federal § 2254 habeas case. *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014). Dismissal of a habeas claim as procedurally defaulted is a judgment on the merits. *See Young v. Sec'y, Fla. Dep't of Corr.*, 697 F. App'x 660, 661 (11th Cir. 2017) (per curiam) (unpublished) (affirming dismissal of unauthorized second or successive habeas petition where petitioner's first habeas petition was denied as procedurally defaulted, noting that "[e]very other circuit that has considered the application of a similar procedural bar has held that a denial on grounds of unexcused procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition … 'second or successive' for purposes of the AEDPA" (quotation omitted) (citing cases)).

[10] Under 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." Assuming without deciding that § 1631 permits district courts to construe a "second or successive" application as a motion to obtain authorization for consideration of such an application and to transfer it to the appropriate circuit court of appeals, or alternatively that a district court may stay consideration of a "second or successive" application while the applicant seeks authorization from the circuit court, *see Guenther v. Holt*, 173 F.3d 1328, 1330 & n.4 (11th Cir. 1999) (noting that other circuits permit these procedure but finding it unnecessary to decide whether they "would be viable as an abstract matter"), such a transfer or stay is only warranted "in the interest of justice." *See id.* at 1330-31. The interest of justice does not warrant a § 1631 transfer or a stay here, as James has not alleged facts or offered

### b.    Certificate of Appealability

Generally, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2254 case. Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. However, a COA is unnecessary when, as here, the district court is dismissing a successive petition for lack of jurisdiction.  *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (per curiam).

### c.    Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

As the habeas petition in this action is an unauthorized successive petition, dismissal without prejudice is clearly warranted under established law.  Accordingly, the Court hereby

---

argument plausibly suggesting that either of the two statutory grounds for bringing a second or successive petition is present. *See* n.8, *supra.*

certifies that any appeal by James of the judgment in this action would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[11]

## II.   *Conclusion*

In accordance with the foregoing analysis, it is **ORDERED** that James' petition for a writ of habeas corpus under 28 U.S.C. § 2254 dated April 11, 2022 (Doc. 1), be **DISMISSED without prejudice** for lack of jurisdiction and that final judgment be entered. The Court further **CERTIFIES** that any appeal by James of the judgment in this action would be without merit and therefore not taken in good faith.

## III.   *Directives to the Clerk*

In accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Clerk of Court is **DIRECTED** to serve a copy of the petition (Doc. 1) and this Order on the Respondent, Warden Terry Raybon, and the Attorney General of the State of Alabama.

**DONE and ORDERED** this 27th day of June, 2022.

/s/ JEFFREY U. BEAVERSTOCK  
CHIEF UNITED STATES DISTRICT JUDGE

---

[11] Should this Court deny leave to appeal *in forma pauperis*, the petitioner may seek such leave by filing a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals. *See* Federal Rule of Appellate Procedure 24(a)(5).